Sakariason v. Mechem, Judge, 20 N. M. 307.

[No. 1794, May 11, 1915.]
SAKARIASON v. MECHEM, District Judge.

SYLLABUS BY THE COURT.

1. Executors, administrators, and other persons and corporations specified in section 17 of chapter 57 of the Laws of 1907, are entitled to supersede a judgment against them, as such, only when they have sued out an appeal or writ of error within 60 days from the date of the entry of the final judgment of which they complained. P. 308

2. Where an administrator, as such, seeks to supersede a judgment against him by suing out an appeal five months after the date of entry of the final judgment of which he complains, he is not entitled to an order of this court directing the trial judge to permit a supersedeas of the judgment. P. 308

3. It is an elementary rule of construction of statutes that all parts of an act relating to the same subject should be considered together, and not each by itself. P. 309

Original action in mandamus by John E. Sakariason, administrator of the estate of Olson M. Sakariason, deceased, against Merritt C. Mechem, as Judge of the District Court for the Seventh Judicial District. Dismissed.

M. C. SPICER and J. A. LOWE of Socorro, for relator.

MANN & NICHOLAS of Albuquerque, for respondent.

Sakariason v. Mechem, Judge, 20 N. M. 307.

### OPINION OF THE COURT.

. PER CURIAM:—On September 30, 1914, a judg-ment was rendered for $2,322 in favor of the plaintiff and against the defendants in a certain cause then pending in the district court for the county of Socorro, wherein Charles B. Bruton was plaintiff and John E. Sakariason, Frederick Sakariason, and John E. Sakariason, adminis-trator of the estate of Olson M. Sakariason, deceased, were defendants. On March 12, 1915, an execution was issued in said cause, directed to the sheriff, and against the de-fendants, and about 900 head of sheep belonging to the estate of Olson M. Sakariason, deceased, were levied upon and taken possession of by the sheriff of Socorro county. Subsequently the sheriff gave notice of sale of said prop-erty and intends to sell the same at public auction on May 17, 1915. On March 30, 1915, a motion was filed by all of the said defendants asking for an appeal from said final judgment to the Supreme Court. In the motion the relator herein requested the court to stay the execution issued in said cause and order the sheriff to return to him the property which the former had in his possession be-longing to the relator. On April 13, 1915, the court granted an appeal to all of the defendants, but refused to stay the execution or order the sheriff to return the prop-erty to the relator. This is an original action in manda-mus to compel the respondent to stay the execution in said cause and order the sheriff to return the property in his possession to relator.

[1, 2] Several questions are presented to the court for determination. The principal question, however, and the one upon which this court disposes of this case, turns upon a proper construction of the law of supersedeas of this state.

Section 16 of chapter 57 of the Laws of 1907 provides:

"Supersedeas.—There shall be no supersedeas or stay of execution upon any final judgment or decision of any of the district courts in which an appeal has been taken or writ of error sued out unless such appellant or plaintiff in error shall, within sixty days from the date of entry

of such judgment or decision, * * * execute a
bond to the adverse party in double the amount
of such judgment complained of. * * * "

Section 17 of the same chapter provides:

"When No Supersedeas Bond Required.—
When the appellant or plaintiff in error is an
executor or administrator, as such, the territory,
a county or other municipal corporation, the tak-
ing of such appeal or suing out such writ of er-
ror shall operate to stay execution of such judg-
ment or decision."

It is contended by relator that section 17, when taken
alone or when read in conjunction with section 16, clearly
indicates that the appeal of the relator in the case at bar
ipso facto operated as a stay of execution, and that the
court should stay the execution and prevent the sheriff
from selling the property under the sale by delivering it
to the relator. The respondent contends that the relator
must have appealed within 60 days from the date of the
entry of the final judgment to effectuate the stay of exc-
cution without bond.

At first blush, a literal reading of the two sections of
law involved would seem to indicate that the position of
relator is sound, i. e., that the taking of an appeal by an
administrator any time within a year from the date of
the entry of the final judgment instanter stays the execu-
tion. If that were true, it would not follow, however,
that the court was compelled to order the sheriff to return
the property taken by him under execution already issued.
The court does not decide this question, although it is
raised, because in view of the disposition the court makes
of this case it becomes unnecessary to do so.

[3] It is unnecessary to cite authority because it is
an elementary rule of construction of statutes that all
parts of an act relating to the same subject should be
considered together, and not each provision by itself.
Chapter 57, supra, is the law of this state, in part regulat-
ing appellate procedure in civil and criminal cases, and
it should be so construed by the courts so as to effectuate
the purpose intended for it by the lawmaking body.

It is evident, however, by comparison of the separate provisions of chapter 57, of the Laws of 1907, that the Legislature intended to place strict limitations as to the time in which all final judgments might be superseded by the acts of the parties aggrieved. Section 16, supra, clearly denotes that the Legislature intended that all final judgments might be satisfied by execution, or by other legal means in ordinary cases at least, any time within the statute of limitations, unless the aggrieved party superseded the judgment by execution of a bond within 60 days from the date of the entry of such judgment. The supersedeas privileges, however, were obtainable only within 60 days from the date of the entry of the judgment. The question therefore seems to be whether the exception as to giving a bond by certain specified persons and corporations is to be construed as enlarging the time within which the right to supersede exists, from 60 days from the date of the final judgment, to any time within the statutory period allowed for taking appeals or suing out writs of error.

Most, if not all, of the states of the Union, have legislation, the purpose of which is to allow executors, administrators, and other specified persons and corporations to supersede a judgment against them without giving bond therefor. That the only intention of the Legislature was to this end seems quite plain to us. The Legislature did not intend to enlarge the time within which executors, administrators, and certain others could supersede the judgment, but simply intended to relieve these persons of the necessity of giving a proper bond to secure the opposite parties. The language of our sections of law on this subject is so different from the language used in statutes of other tates that reference to other statutes throws no light upon the question under discussion.

Again, it will be noted that the language of section 17, in part, is the "taking of such appeal" shall operate as a supersedeas. The words "such appeal" refer back to the last antecedent and have reference to the appeal spoken of in section 16. Thus, in section 16, the appeal must be sued out, as a condition precedent to the execution of the supersedeas bond, within 60 days from the date of the

Sakariason v. Mechem, Judge, 20 N. M. 307.

entry of the final judgment.   The words "such appeal," in section 17, characterizes the subject to which the legislative mind referred, and meant only an appeal taken within 60 days from the date of the entry of the judgment. And that is the meaning which harmonizes with the general scheme outlined by the Legislature.   When the two sections are read together, the court is constrained to believe that the only effect of section 17, supra, is that executors and administrators and other persons therein named are not required to give bonds of supersedeas like ordinary litigants, but before an aggrieved administrator, executor, or other named person or corporation may claim the right to supersede, he or they must appeal or sue out a writ of error within 60 days from the date of the entry of the final judgment; otherwise the right to supersede is lost and the litigant is in the same position and condition as any other party.   To hold otherwise would be to disregard what we conceive to have been the real and true intent of the Legislature and to apply section 17, supra, independent of the other sections of the act.   This holding creates uniformity in the matter of the time in which all judgments and final decisions may be superseded and emphasizes the general scheme which was in the mind of the Legislature at the time it enacted chapter 57 of the Laws of 1907.

Therefore, this question being decisive of the cause, the writ of mandamus will be dismissed at the cost of the petitioner, and it is so ordered.

ROBERTS, C. J.