274 P.2d 145

Frank MANN, Claimant-Appellant,

v.

BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY et al., Em-
ployer, and Travelers Insurance Company
of Hartford, Insurer, Defendants-Appellees.

No. 5790.

Supreme Court of New Mexico.

Sept. 8, 1954.

Joseph L. Smith, Lorenzo A. Chavez and Arturo G. Ortega, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Mims & Akin and Charles B. Larrabee, Albuquerque, for appellees.

SADLER, Justice.

This is an appeal from an award in a workmen's compensation case. Trial was before a jury which found the claimant had suffered a 29% permanent partial disability. The award was $30 per week for 160 weeks, or a total of $4800, the court arbitrarily fixing the period approximately one week in excess of the exact time to avoid fractional weeks, an adjustment of which no one complains. The appeal is based upon the claim that the period of payments should be not to exceed 550 weeks and each installment a statutory minimum of $17 per week, thus producing an aggregate amount of compensation in the sum of $9,350, almost double the award actually made.

Pertinent provisions of the Workmen's Compensation Act will follow. 1941 Comp. § 57–918(b) provides:

"For disability partial in character but permanent in quality, such compensation shall be measured by the extent of such disability. In the following cases the compensation shall be sixty (60) per cent of the earnings of such workman, subject to the limitations of this act * * * as to the maximum and minimum payments as provided in paragraph (a) of this section, for the loss of: (Here follows a schedule of the number of weeks payments shall continue for specified in-

juries such as loss of arm, hand, foot, etc.)

\* \* \* \* \* \*

"When by reason of infection or other cause not due to neglect or misconduct of the injured workman he is actually disabled longer than the time specified in the foregoing schedule from earning wages, compensation shall be paid such workman for such loss of wages within the limits otherwise provided \* \* \*.

\* \* \* \* \* . \*

"In all other cases in this class, or where the usefulness of a member of any physical function is permanently impaired, the compensation shall bear such relation to the amounts stated in the above schedule as the disabilities bear to those produced by injuries named in the schedule."

It will contribute to a better understanding of how the trial judge fixed 160 weeks as the maximum period for payments, if we demonstrate the method he employed in adjusting the award to what he conceived to be a proper application of the pertinent portions of the act quoted above. He entered judgment awarding plaintiff $30 a week for 160 weeks, making the total award $4,800. He was earning $71.51 when injured. The judge took 29 per cent of 550 weeks, the maximum duration of payments for total permanent disability, and got a result of 159.5 weeks which by acquiescence of all parties he rounded off to 160 weeks.

It is the position of defendants before this court that plaintiff is not entitled to more than $4,800, no matter how he is paid. We strongly suspect, too, that had plaintiff known on taking this appeal that such would be the holding of this court, he would have evidenced but little concern in securing the seemingly academic declaration here that he was entitled to have weekly payments in the sum of $8.70 each spread over a period of 550 weeks as against receiving the larger installment of $30 per week over the much shorter period of 160 weeks.

When we find counsel for plaintiff vigorously asserting the claim, however, that $17, the statutory weekly minimum set out in 1941 Comp. § 57–918(a) instead of $8.70, being the amount awarded spread over 550 weeks, is the weekly installment to which plaintiff is entitled, the occasion for bringing the matter before this court at once emerges. The plaintiff thus would receive under the method of payment insisted by his counsel as the correct one an aggregate sum of $9,350, rather than the smaller sum of $4,800 actually awarded. In other words, the question at issue reduces itself to this: Did the court in the first instance err in arriving at the compensation to whch plaintiff was entitled for permanent partial disability resulting from a nonscheduled injury by using a time equation

for establishing the relationship mentioned in the "in all other cases" proviso of 1941 Comp. § 57–918(b) as between compensation allowable for unscheduled and scheduled injuries on the one hand and disabilities arising from unscheduled and scheduled injuries on the other? And, if it did, is plaintiff entitled to the so-called minimum weekly installments mentioned in 1941 Comp. § 57–918(a)?

We are compelled to answer the first inquiry affirmatively and to supply a negative answer to the second. We have given careful study to the arguments presented by opposing counsel and while admitting the first question posed is not easy to resolve, we have reached the conclusion that the weekly compensation allowable for claimant's injury should run for a period not to exceed 550 weeks, the period specified for total permanent disability. The reasons leading us to this conclusion follow.

Counsel for defendants seeking to sustain the court's action preface their argument by the statement that "before appellant (plaintiff) can argue he should get minimum weekly compensation, he must win his point on the duration of payments." We agree with counsel that if this contention fails, he gains nothing. The contention does not fail, nevertheless, it availeth him naught except academically unless, perchance, resort to 1941 Comp. § 57–925 at some time within 550 weeks should under facts shown increase the amount of his award by increasing the percentage of his disability. Under its continuing jurisdiction in cases of this kind and upon a proper showing such a result could follow but that likelihood naturally is somewhat remote.

It is to be observed that for scheduled injuries, nearly all of which produce permanent partial disability in a claimant, an award of less than 550 weeks is arbitrarily fixed for the duration of compensation payments. From this fact, and from the language of the "all other cases" clause found in 1941 Comp. § 57–918(b) counsel for defendants deduce that the statute "ties the award of compensation in non-schedule permanent partial disabilities cases to the awards made in schedule injuries." As to amount of the award for the permanent partial disability found to exist when determined under the relationship directed in the proviso, yes—but as to the period fixed for the payment thereof, no.

In no single instance in the list of scheduled injuries for permanent partial disability set forth in 1941 Comp. § 57–918(b) is there an award which is not for a period of less than 550 weeks. This circumstance is given controlling and even decisive effect by counsel for defendant in the contention that compensation payments for permanent partial disability must, as to duration thereof, reconcile themselves with the percentage of disability found to exist. They argue

thus: The claimant was found to have 29 per cent permanent disability. Total permanent would entitle him to $16,500 payable over a period not to exceed 550 weeks. Relating his disability to the total amount recoverable, we find his total compensation is 29% of $16,500, or $4,800, ignoring fractions. And, by the same token, relating the duration of payments to the maximum period over which total compensation is payable we find it will extend over a period of 160 weeks, exactly 29 per cent of 550 weeks.

This reasoning is logical and faultless when considered from that standpoint alone. But we are not permitted to consider it alone. Under other applicable provisions of the act we are denied the right to give the circumstance mentioned decisive consideration. It is an elementary rule of construction that all parts of an act relating to the same subject matter are to be considered together. Sakariason v. Mechem, 20 N.M. 307, 149 P. 352; Reese v. Dempsey, 48 N.M. 417, 152 P.2d 157. 1941 Comp. § 57–925 makes provision for the increase or diminution of compensation awards at six months' intervals upon proper application and showing of either the recovery or increased disability of the worker. We are reminded by plaintiff's counsel that under this section it is only the payment and not the number of weeks of payment that can be adjusted.

And to this suggestion of plaintiff's counsel the defendants counter by directing attention to the language of the section permitting "termination" of compensation. This they say is "an adjustment of compensation by altering the period of time within which it is paid." Thus they seek arguendo to meet the position confronting them. But surely they would not contend the court could "terminate" payments by diminishing the period of time for which compensation is payable for scheduled injuries awarding compensation for either permanent total or permanent partial disability. We can conceive of no proof that could possibly alter the fact that a workman had lost a foot, an arm, a leg, or an eye. The period of time for these scheduled injuries is arbitrarily fixed and once fixed is final. Gonzales v. Pecos Valley Packing Co., 48 N.M. 185, 146 P.2d 1017. To say the least, it is in so far as any change by virtue of the provisions of 1941 Comp. §. 57–925 is concerned.

It is a settled doctrine with us to give the Workmen's Compensation Act a liberal construction in favor of claimants. Gonzales v. Chino Copper Co., 29 N.M. 228, 222 P. 903; Stevenson v. Lee Moor Contracting Co., 45 N.M. 354, 115 P.2d 342. If we do so we are quite unable to adopt the construction defendants urge upon us by limiting the period of payments to 160 weeks. To do so would deny plaintiff the

benefit of 1941 Comp. § 57–925, conferring the right to apply for an increase in the amount of payments, should his condition undergo a change for the worse. This is a right he would enjoy were payments to extend over 550 weeks, the period we hold applicable for all cases of permanent disability, total or partial, except instances of permanent partial for unscheduled injuries. We must rule against defendants as to this contention, thereby placing the trial court in error in limiting payments to 160 weeks. Compare Helms v. New Mexico Ore Processing Co., 50 N.M. 243, 175 P.2d 395.

Counsel for the plaintiffs have cited several cases, among them Chapman v. Raftery, Mo.App., 174 S.W.2d 352; Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377, as supporting the contention that compensation should be paid at the prescribed rate during that part of the time fixed for permanent total disability, as extent of the injury bears to permanent total disability. Whether states so holding have in their acts a provision such as our 1941 Comp. § 57–925 retaining jurisdiction in the court to entertain applications to increase or diminish the payments upon a showing of changed conditions is not pointed out by counsel. If they do not that would explain, or rather distinguish, our holdings and theirs. But if they do, then, to the extent their holdings conflict with ours, we must disagree with them.

It is next insisted by counsel for plaintiff that he is entitled to the statutory minimum weekly compensation prescribed by 1941 Comp. § 57–918 (a), namely, $17 per week to run for 550 weeks. This would give plaintiff $9,350 as compensation as against the $4,785, adjusted to $4,800 by the court with acquiescence of the parties. The method employed by his counsel to substantiate claim to the statutory minimum weekly compensation is interesting to examine. They would have us take the statutory 60% of plaintiff's weekly wage, realizing the sum of $42.91. Then they take 29% of $42.91, arriving at the sum of $12.44. Since such an amount is below the statutory minimum weekly wage of $17, urged by counsel as applicable, they supply it as the weekly compensation compelled in this case. Following the same method of calculation, if plaintiff had been found 1% disabled, what result do we get? Employing the same procedure, we take 60% of the weekly wage, realizing the sum of $42.91. Then taking 1% of $42.91 we arrive at $4.29. Since that amount is less than $17, using the same formula we get $17 as the minimum weekly wage, according to the theory urged upon us.

Thus it would make no difference whether the jury found plaintiff's disability to be 29% permanently partial or 1% so disabled. He would get the same recovery in either case. Only if the jury should find appellant to be 40% disabled would the verdict alter

the amount of the award (40% of $42.91 being $17.59). The argument, then, of counsel for plaintiff reduces itself to this, namely, that the only duty of the jury in this case was to determine if plaintiff suffered over 40% permanent partial disability. So runs the argument of counsel for defendant which they insist destroys plaintiff's theory on logical grounds, a conclusion with which we quite agree.

The fact is that the act contains no statutory mandate that there should be a floor or minimum for awards in permanent partial disability cases. Adverting again to the applicable provision of the statute already quoted above, 1941 Comp. § 57–918 (b):

"(b) For disability partial in character but permanent in quality, such compensation shall be measured by the extent of such disability. *In the following cases* the compensation shall be sixty (60) per cent of the earnings of such workman, subject to the limitations of this act (sections 57–901 through 57–931), as to the maximum and minimum payments as provided in paragraph (a) of this section * * *." (Emphasis ours.)

It is to be observed that the foregoing paragraph of the act quoted expressly sets a lower limit only in the case of scheduled awards (" * * * in the following cases * * *"). Neither expressly nor by necessary implication does it fix a lower limit for awards not provided for in the schedule, thus taken care of in the "all other cases" proviso of section 57–918(b). A logical reason is advanced for the distinction. A person suffering permanent total disability can not work at all and, presumably, would be entirely dependent upon his compensation for subsistence. On the other hand, the person suffering only from permanent partial disability is capable of earning some income to supplement his compensation. Apparently, the legislature failed to deem the reasons supporting minimum compensation for permanent partial disability strong enough to move it to do so. If such a limit were set, say counsel, it would grant a bonus to the man suffering 1% permanently partial disability. He would get exactly the same as the man 39% disabled. The legislature could hardly have intended to create such an inharmonious result.

Counsel for plaintiff have asked us to allow him an additional attorney's fee for the services rendered by them on this appeal. The defendants resist the application and cite Rowland v. Reynolds Electrical Engineering Co., 55 N.M. 287, 232 P.2d 689. Their position is that unless plaintiff on the appeal increases the compensation over that received below, he failed to justify an attorney's fee for services in this court. The situation is somewhat unusual. We have found the judgment erroneous, in one par-

ticular against the contentions of defendants and in another against the position taken by the plaintiff. He gets exactly the same aggregate award he received below, but payable over a much longer period. On this point the defendants win a partial victory as to the duration of payments. The plaintiff, on the other hand, is denied increased weekly compensation, adjusted upwards to the amount prescribed for minimum weekly compensation in proper cases. In this particular the plaintiff loses. So it is that each gains and each loses in certain particulars.

Then what is the proper solution in an application for attorney's fees under the circumstances? It is our view that the statute controlling the matter, 1941 Comp. § 57-923, does not confine us in awarding a plaintiff additional attorney's fees for services of his attorneys in this court to instances where those services produce increased compensation. Other rights, sometimes of equal importance, may be determined in his favor by virtue of the appeal. For services in securing these rights to him, we may allow an additional attorney's fee which, under the peculiar circumstances here present, we allow him in the sum of $150.

It follows from what has been said that the trial court erred in directing payments of $30 per week for 160 weeks instead of providing that plaintiff should receive $8.70 per week for a period not to exceed 550 weeks, payable as prescribed by statute.

Accordingly, the judgment of the district court is reversed and the cause remanded with a direction that the cause be reinstated upon the court's docket and the judgment heretofore entered modified in conformity with the views herein expressed.

It is so ordered.

McGHEE, C. J., and COMPTON, LUJAN and SEYMOUR, JJ., concur.