635 P.2d 320

**Felix R. ROMO, Plaintiff-Appellant,**

v.

**RATON COCA COLA COMPANY, Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.**

**No. 5078.**

Court of Appeals of New Mexico.

Oct. 22, 1981.

Bruce P. Moore, Santa Fe, for plaintiff-appellant.

James E. Snead, James G. Whitley, Jones, Gallegos, Snead & Wertheim, P. A., Santa Fe, for defendants-appellees.

## OPINION

SUTIN, Judge.

This is a workmen's compensation case. Plaintiff appeals from a judgment that awarded plaintiff weekly benefits based upon 20% permanent partial disability. We affirm with a minor modification.

In its decision, the trial court concluded:

\*     \*     \*     \*     \*     \*

3. The Plaintiff should be awarded weekly benefits under the Workmen's Compensation Act for a 20% permanent partial disability entitling him to $19.59 per week from March 23, 1976.

The parties treat this conclusion as a finding of fact. Plaintiff argues that, insofar as it is based on physical factors, this finding is supported by substantial evidence. But based upon psychological factors, or a combination of physical and psychological factors, plaintiff claims he suffered total, permanent disability.

Plaintiff sets forth many pages of facts most favorable to his position. We have stated innumerable times that, to determine whether a trial court's findings are sustained by substantial evidence, an appellant must set forth all of the evidence, including that most favorable to appellee. Rarely do we find "all of the evidence" rule complied with.

We repeat again what was said in *Perez v. Intern. Minerals & Chemical Corp.*, 95 N.M. 628, 624 P.2d 1025 (Ct.App.1981). The trial court, not this Court, has the final say about the facts presented by the parties. The facts are determined by what the court sees and hears, from the gestures and other conduct of the testifying witnesses as well as their words. What the court thinks about the facts is all that matters. Rarely should an appeal be taken based upon a lack of substantial evidence to support the findings. We reiterate and emphasize what has been said, to avoid useless appeals in workmen's compensation cases based upon the substantial evidence rule. A workman or employer must convince the trial court, not this Court, that the evidence presented supports the claim or defense. We read from a cold record.

It is unnecessary to recite any of the testimony of plaintiff or that of the medical witnesses. We agree with defendants that plaintiff's credibility was so suspect as to cast considerable doubt as to the cause of his disability with reference to each alleged injury and the extent of his disability; that none of the medical witnesses could apportion the disability of plaintiff between the first and second injuries allegedly sustained by him and that expert medical testimony was contradictory in many important respects.

It has often been said that medical testimony, like other expert testimony, is intended to aid but not to conclude the trier of facts in determining the extent of disability. The trial court may properly reject all percentage opinions and arrive at a different percentage as long as it is supported by substantial evidence. *Lucero v. Los Alamos Constructors, Inc.*, 79 N.M. 789, 450 P.2d 198 (Ct.App.1969).

We affirm the finding that plaintiff suffered a 20% permanent partial disability.

However, the trial court mistakenly fixed the weekly payment at $19.59 per week instead of $20.00, a difference of $0.41. Neither of the parties called this error to the attention of the trial court. The difference of $0.41 per week appears to be de minimus to the employer, but it is not to the workman. By concluding that the error was that of the court and not the parties, plaintiff is entitled to the additional payment without interest. The First Amended Judgment is amended again to increase plaintiff's weekly award from $19.59 to $20.00, effective as of February 18, 1981, the date of entry of the First Amended Judgment.

The next point raised by plaintiff claims error on the part of the district court in not awarding plaintiff temporary total disability benefits in its First Amended Judgment. Plaintiff is mistaken.

On November 29, 1979, an original judgment was entered in this case. A portion of the judgment awarded plaintiff weekly benefits "for temporary total disability for a period of ninety (90) days, beginning March 23, 1976 * * *." Plaintiff appealed. This Court filed a Memorandum Opinion in which the appeal was dismissed and the case remanded to the trial court. It was done because of two inconsistent findings— one of total disability and one of 20% disability—and this Court was unable to re-

solve the inconsistency. This cause was remanded to the district court to resolve the inconsistency "as to plaintiff's disability" without taking additional evidence.

On remand, the district court filed a First Amended Decision and First Amended Judgment in which all reference to temporary total disability for a period of 90 days was omitted and plaintiff was awarded 20% permanent partial disability. Since the record discloses substantial evidence to support the trial court's findings, we affirm.

"The district court has only such jurisdiction as the opinion and mandate of the appellate court specifies." *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 60, 582 P.2d 1270 (1978). Plaintiff argues that "the Memorandum Opinion and mandate did not authorize, even by implication, the district court to remove the award of 90 days total disability benefits from its First Amended Judgment." We disagree. This Court's opinion and mandate which authorized the district court to·resolve the inconsistencies "as to plaintiff's disability" was broad enough to include the trial court's deletion of the award of temporary total disability benefits.

Plaintiff also argues that the award of temporary total disability benefits is the law of the case and may not be deleted on subsequent remand proceedings. Reliance is had on *Royal Intern. Optical v. Texas State Optical*, 92 N.M. 237, 586 P.2d 318 (Ct.App.1978). Plaintiff is mistaken. The "law of the case" doctrine applies when the prior judgment is affirmed on appeal. In the instant case the prior judgment was not affirmed on appeal. It was remanded to the district court to resolve the inconsistency as to plaintiff's disability. The "law of the case" had not been finally determined and the doctrine is not applicable.

Finally, plaintiff complains of attorney fees allowed in the trial of the case. The claim has no merit.

Subsequent to the appeal, plaintiff instituted proceedings in this Court which were resolved in favor of plaintiff. The chronology of events leading up to these proceedings are as follows:

(1) On March 21, 1980, the trial court quashed a writ of execution issued on behalf of plaintiff and stayed execution during the pendency of a prior appeal to this Court. We refused to overturn the order in our August 26, 1981 decision in Cause No. 4629.

(2) On February 18, 1981, the First Amended Judgment was filed.

(3) On March 9, 1981, plaintiff's Notice of Appeal was filed.

(4) On July 8, 1981, plaintiff again filed a motion to vacate the stay of execution.

(5) On August 14, 1981, an erroneous Order was entered by the trial court. It intended to order "that the motion to [vacate] stay [of] execution filed herein by plaintiff be, and it hereby is, denied in its entirety."

(6) On August 17, 1981, plaintiff filed a motion in this Court to review the Order which denied plaintiff's motion to vacate the stay of execution.

(7) On August 24, 1981, this Court entered an Order that each stay of execution heretofore issued by the district court be vacated. The reasons were that plaintiff had received no payment of compensation for about 5½ years; that regardless of the outcome of this appeal, plaintiff was entitled to payment from March 23, 1976, as per Order of the court, together with an attorney fee, both sums to include payment of interest in the amount fixed by law. Defendants were allowed 5 days after receipt of this Order in which to make such payments, failing which, execution should issue.

(8) On August 26, 1981, plaintiff filed a motion for an allowance of attorney fees for services rendered in this Court for securing the vacation of the stays of execution with a brief in support thereof.

(9) On August 28, 1981, defendants filed a response and brief in support thereof that plaintiff's motion for attorney's fee be denied.

(10) On August 31, 1981, plaintiff filed a motion for clarification of this Court's Order of August 24, 1981, with reference to

when the interest on both sums would begin. A dispute existed between the parties.

(11) On September 4, 1981, defendants filed a response, and ⁕

(12) On September 4, 1981, an Order of this Court was entered fixing the date that interest would begin and end, and also ordered that plaintiff's motion for allowance of an attorney fee would await disposition of plaintiff's appeal on the merits.

■ An allowance of attorney fees for this type of additional services rendered in an appeal is a matter of first impression. If by conduct prior to an appeal, an employer causes additional legal services to be rendered in an appeal, separate and apart from the appeal itself, and the additional services rendered benefit the workman, the workman is entitled to an attorney fee for additional services rendered.

*Mann v. Board of County Commissioners*, 58 N.M. 626, 274 P.2d 145 (1954) was an appeal by plaintiff from an award in a workmen's compensation case. The Supreme Court found the judgment erroneous in one particular against defendants and in another against plaintiff. Each gained and each lost in certain particulars. *Mann* held that the trial court erred in directing payments of $30.00 per week for 160 weeks instead of providing that plaintiff should receive $8.70 per week not to exceed 550 weeks. Plaintiff requested an attorney fee in the appeal. The court said:

Then what is the proper solution in an application for attorney's fees under the circumstances? It is our view that the statute controlling the matter * * * does not confine us in awarding a plaintiff additional attorney's fees for services of his attorneys in this court to instances where those services produce increased compensation. *Other rights, sometimes of equal importance, may be determined in his favor by virtue of the appeal. For services in securing these rights to him, we may allow an additional attorney's fee * * * under the peculiar circumstances here present * * *.* [Id. 633, 274 P.2d 145.]

■ In other words, in an appeal, a workman has the right to seek an increase in compensation payments and if successful, he is entitled to payment of a reasonable attorney fee. This is not a workman's only right. Of equal importance, a workman has the right to seek a determination of payment by the employer of past compensation benefits ordered to be paid by the trial court but withheld by the employer without just cause and excuse. No explanation appears of record to explain why payment was withheld when plaintiff's appeal could not effect a reduction in the amount due and owing. An employer is not entitled to the retention of the funds for its own benefit and use to the detriment of a workman and his family. This concept reflects, in an additional way, the spirit of the Workmen's Compensation Act. For legal services rendered in the appeal which affirmatively determined plaintiff's right to payment of past compensation benefits and attorney fees, plaintiff is entitled to an additional attorney fee.

Defendants did not seek to meet the challenge of *Mann, supra.* They claim plaintiff *must* obtain an increase of benefits and cite *Genuine Parts Co., supra; Escobedo v. Agriculture Products Co., Inc.*, 86 N.M. 466, 525 P.2d 393 (Ct.App.1974), and *Willcox v. United Nuclear Homestake Sapin Co.*, 83 N.M. 73, 488 P.2d 123 (Ct.App.1971). None of these cases are "must" cases.

*Genuine Parts Co.* said that recovery of compensation was a prerequisite to allowance of attorney fees. This simply means that one requirement necessary to receive an attorney fee is recovery of compensation. It is not the sole requirement.

*Escobedo* denied plaintiff an attorney fee because his success on appeal did not increase his compensation, but plaintiff was awarded an attorney fee in matters that resulted in a "financial benefit." Here, again, increase in compensation was not the only right a workman had to warrant an attorney fee. Plaintiff successfully upset the requirement that he pay for a second deposition and upset the limitation upon payment of the attorney fees awarded by

the trial court. For this "financial benefit," plaintiff was awarded a $1,500.00 attorney fee. The "financial benefit" principle is related in an equitable fashion with recovery from an employer of past compensation benefits.

*Willcox* also established the principle stated in *Mann* that a workman has a basis other than those of increased compensation to obtain an attorney fee. Plaintiff who received no additional compensation on appeal was not entitled to an attorney fee for the appeal but was entitled to an attorney fee for successfully defending a cross-appeal.

The amounts paid by the employer for past compensation and attorney fees with interest, together with work performed in securing a favorable determination, mandates payment by the employer to plaintiff of an additional attorney fee of $1,000.00, together with interest thereon at the rate of 10% per annum from August 24, 1981, the date the Order was entered in which stays of execution were vacated.

The judgment of the trial court is affirmed. Plaintiff is awarded an attorney fee of $1,000.00 for services performed in proceedings initiated in this Court on the execution issue but is denied an attorney fee for the appeal taken. This case is remanded to the district court to modify its judgment by substituting $20.00 per week for $19.59.

IT IS SO ORDERED.

HENDLEY and WALTERS, JJ., concur.