WILLIAM P. HAPANIEWSKI, Plaintiff-Appellant, v. JOHN RUSTIN, a/k/a John Ruston, a/k/a John Rustames, Defendant-Appellee.

First District (3rd Division)   No. 88—1233

Opinion filed February 15, 1989.

William P. Hapaniewski, of Merrillville, Indiana, appellant *pro se.*

Albert Brooks Friedman, Ltd., of Chicago (David M. Goldman, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, William P. Hapaniewski, appeals from an order of the trial court denying his motion for summary judgment and granting defendant John Rustin's motion for summary judgment. Hapaniewski contends the trial court erred in concluding that he was not entitled to recover attorney fees under a contract theory and in *quantum meruit,* and in holding that Rustin was entitled to summary judgment on those issues.

The undisputed facts are as follows. Hapaniewski represented Rustin in an action captioned as Jupiter Petroleum Corp., Delphi American Corp., and John Rustin v. Alvin C. Johnson, Jr., individually, and Alvin C. Johnson, Jr., Inc., court docket No. 82—C—3544, in the United States District Court for the Northern District of Illinois ("Federal court case"). As compensation for his services in that case, Hapaniewski was to receive one-third of all amounts collected in the event the matter was settled before any depositions were taken, 40% after depositions were taken, and 50% if the matter was taken to a pretrial stage of trial. Rustin additionally agreed to pay all expenses that were incurred.

The Federal court case proceeded to the pretrial stage. Prior to trial, however, the parties entered into a settlement agreement pursuant to which Johnson was to pay Rustin the sum of $12,000. The agreement additionally provided that upon payment of the $12,000 to Rustin, the case was to be dismissed with prejudice and all claims against Johnson were to be released.

On December 11, 1984, Johnson tendered to his counsel, Douglas C. Tibble of McDermott, Will & Emery, an uncertified check in the sum of $12,000, payable to Tibble, representing payment pursuant to the settlement agreement. Tibble agreed to issue a certified check to Rustin upon confirmation that Johnson's check had cleared the issuing

bank. The check was returned for insufficient funds. On December 21, 1984, Hapaniewski moved to reinstate the action in the Federal court.

On December 26, 1984, Johnson tendered a certified check to Tibble in the sum of $12,000, representing the funds due Rustin. On December 28, 1984, Tibble received a writ of attachment issued by the circuit court of Cook County in the case captioned as Konstantine Hatzopoulos v. Alvin C. Johnson, Jr. and John Rustin, individually, and Delphi American Corp., Successor to Jupiter Petroleum Corp., case No. 84—L—24475. The writ directed Tibble or his firm to hold and deliver to the sheriff of Cook County any funds in their possession belonging to Delphi and John Rustin. Hatzopoulos had agreed to dismiss the action against Rustin upon the attachment and disbursement of the $12,000 check.

On January 18, 1985, the Federal court entered a judgment order against Johnson for $12,000. On January 28, 1985, Johnson requested that this order be vacated and that a satisfaction of judgment be issued upon the tender of the settlement check held by Tibble to the sheriff of Cook County. At this time, Hapaniewski served Tibble with notice of his attorney's lien for fees in the Federal court case.

On March 15, 1985, the circuit court of Cook County ordered Tibble to deposit the funds with the court. Tibble did not tender the funds, but held them pending instructions regarding how the deposit was to be handled. Hapaniewski subsequently attempted to enforce his attorney's lien in the circuit court of Cook County. The court denied his request and dismissed the motion without prejudice.

Subsequently, Tibble received a court order directing that the $12,000 settlement check be disbursed as follows: $2,000 to Enrico Mirabelli, attorney for Rustin, and $10,000 to Konstantine Hatzopoulos and his attorney, Robert E. McAuliffe. Tibble tendered the check to the sheriff as directed.

Thereafter, Hapaniewski filed a motion for temporary restraining order and preliminary injunction against Johnson and Tibble in the Federal court. Hapaniewski sought to prevent the transfer of the $12,000 settlement check to Mirabelli and Hatzopoulos. The Federal court denied his motion and denied his request for attorney fees. The court found that Hapaniewski had failed to perfect his attorney's lien prior to the issuance of the State court writ of attachment. The court determined that Hapaniewski's rights under the lien were junior to the rights accruing under the writ of attachment. At that same time, the court granted Johnson's motion for satisfaction of judgment.

Hapaniewski then filed this lawsuit, seeking recovery of his attorney fees for services rendered in the Federal court action. Both sides

sought summary judgment. On April 4, 1988, the trial court granted Rustin's motion for summary judgment and denied that of Hapaniewski.

■ Hapaniewski maintains on appeal that he is entitled to summary judgment based in contract and in *quantum meruit*. Summary judgment is proper when the pleadings, depositions, admissions and affidavits on file present no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *In re Estate of Whittington* (1985), 107 Ill. 2d 169, 483 N.E.2d 210, *cert. denied sub nom. Lyons v. Bute* (1986), 475 U.S. 1016, 89 L. Ed. 2d 313, 106 S. Ct. 1199.

■ The trial court here was not presented with a single disputed fact or conflicting inference. Both Hapaniewski and Rustin agree that Hapaniewski represented Rustin in the Federal action; that Hapaniewski was to be paid 50% of the amounts collected in that action; that the Federal action was settled for $12,000; and that the $12,000 was attached and was disbursed pursuant to a circuit court order prior to the perfection of Hapaniewski's attorney's lien. The only issue before the trial court, whether the $12,000 settlement funds were "collected" so as to afford Hapaniewski the right to attorney fees, is a legal determination and not a factual one. Thus, the trial court properly resolved this matter in a summary judgment proceeding. Nonetheless, we believe that summary judgment should have been granted to Hapaniewski and not to Rustin.

■ Initially we agree that Hapaniewski was not entitled to summary judgment based on a *quantum meruit* theory. In Illinois, when a client and his attorney enter into an express contract, that express contract will control the compensation due the attorney, and *quantum meruit* principles are not involved. (*Laff v. Chapman Performance Products, Inc.* (1978), 63 Ill. App. 3d 297, 379 N.E.2d 773; *Slater v. Jacobs* (1977), 56 Ill. App. 3d 636, 371 N.E.2d 1054.) In such situations as here, *quantum meruit* principles are not necessary because the attorney and client already have agreed on the value of the services. *Laff v. Chapman Performance Products, Inc.*, 63 Ill. App. 3d 297, 379 N.E.2d 773.

Thus, the sole issue before this court is whether any amounts were "collected" within the meaning of the contingent fee agreement thereby entitling Hapaniewski to attorney fees pursuant to that agreement.

It is Rustin's position that no amounts were collected because he never received the funds *in hand*. Rather, pursuant to court order, the $12,000 settlement check went directly from Johnson's attorney

to Hatzopoulos and Mirabelli. Rustin concludes, therefore, that he never recovered the money and is not now obliged to pay Hapaniewski's fees for services rendered in the Federal case.

●4-6 We believe that Rustin's position is incorrect. Although Rustin never physically received the settlement funds, he did receive a direct benefit from the court-ordered disbursement of those funds. Specifically, a lawsuit against Rustin was dismissed, and Rustin's attorney in that terminated lawsuit received compensation. The fact that Rustin never received the money in hand is irrelevant. The funds were used for his benefit, and he cannot now assert that he did not collect the funds.

Moreover, it is the law that a judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. (*International Harvester Credit Corp. v. Helland* (1985), 130 Ill. App. 3d 836, 474 N.E.2d 882.) Thus, there can be no question that when the Federal court entered its judgment order, Rustin had a right to demand and to receive this money from Johnson, and if not paid, he could maintain an action for it. It was his money by adjudication of the court. Additionally, there can be no question that Rustin "collected" the money when the Federal court honored the State court writ of attachment directing the attachment of the funds for the benefit of Rustin's creditor, and issued a satisfaction of judgment in its own action. The fact that the money was attached by an independent proceeding prior to Rustin's receiving it in hand does not alter the fact that he received it for purposes of the Federal litigation. Thus, pursuant to the contingent fee agreement, Hapaniewski is entitled to the agreed-upon compensation.

Accordingly, we find that Hapaniewski is entitled to summary judgment on the issue of attorney fees due under the contingent fee agreement between Hapaniewski and Rustin. Thus, we believe the trial court improperly granted Rustin's motion for summary judgment on this same issue.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed insofar as it denied summary judgment to Hapaniewski, and granted summary judgment to Rustin, based on a contract theory. The matter is remanded to the trial court with directions to enter summary judgment in favor of Hapaniewski.

Judgment reversed and remanded with directions.

RIZZI and WHITE, JJ., concur.