1997-NMCA-078

944 P.2d 906

**Ezechiel MARTINEZ, Worker–Appellant,**

v.

**EIGHT NORTHERN INDIAN PUEBLO COUNCIL, INC., and New Mexico Mutual Casualty Company, Employer/Insurer–Appellees.**

**No. 17754.**

Court of Appeals of New Mexico.

June 27, 1997.

Certiorari Granted Aug. 18, 1997.

Harold Worland, Albuquerque, for Worker–Appellant.

Richard J. Shane, Deborah S. Dungan, Padilla, Riley & Shane, P.A., Albuquerque, for Employer/Insurer–Appellees.

## *OPINION*

PICKARD, Judge.

1. NMSA 1978, Section 52–1–54 (Cum. Supp.1996) governs attorney fees in workers' compensation cases. Section 52–1–54(C) permits the workers' compensation judge to fix a fee when its jurisdiction is invoked to approve a settlement. Section 52–1–54(H) requires the judge, in setting the fee, to "consider only those benefits to the worker that

the attorney is responsible for securing." The question we address in this case is whether a determination that Employer is not entitled to reimbursement under NMSA 1978, Section 52–5–17 (Repl.Pamp.1991) (effective January 1, 1991) is a benefit to Worker that should be considered by the judge in setting the fee. Under the facts of this case as demonstrated by the record below, we hold that it is. To the extent that the judge below held as a matter of law that such a benefit could not be considered, we hold that she erred.

2. Worker was injured in a work-related automobile accident in which his co-worker was the driver and he was the passenger. Although Employer paid some compensation benefits, Worker disputed the amount and filed several claims for various benefits. While these claims were pending, Worker received $50,000 from the insurance company that insured the car the co-worker was driving at the time of the accident. When the mediator on the compensation claims indicated that subrogation or reimbursement would be an issue, Worker filed a "Petition for Declaratory Judgment," seeking a ruling from the workers' compensation judge that Employer was not entitled to any reimbursement. The judge treated this pleading as a motion for summary judgment and denied it. Worker appealed, and this Court dismissed the appeal on the ground that denials of motions for summary judgment are not appealable final orders. On remand, Worker indicated that he intended to pursue a claim for bad faith in Employer's counsel's handling of Worker's claims, and Employer defended Worker's claims contending that it had paid maximum benefits and that it was entitled to a portion of the $50,000 Worker received from the insurance company as reimbursement of these amounts.

3. The parties ultimately settled the merits of all outstanding claims. Because of this settlement, we do not discuss the merits of Employer's claim to reimbursement or Worker's claim of bad faith. The settlement included provisions that Employer would pay Worker lump sum amounts totaling approximately $7500 plus two years of open medicals, that Worker would give up any future compensation or medical benefits, that Employer would waive any right to reimbursement from the $50,000 Worker received from the insurance company, and that Worker would waive any claim for bad faith. Worker's attorney sought fees of over $13,000, which included time devoted to the reimbursement issue. The judge found that the full benefit to Worker was $7500 and that the $50,000 from the insurance company was subject to its own fee agreement. She awarded fees of $1500 based on a finding that 20% of the amount obtained as workers' compensation benefits was fair and reasonable considering all the factors in the case.

4. Worker appealed. Our understanding of the judge's findings and conclusions was that she did not consider Worker's attorney's efforts in preserving the $50,000 from Employer's reimbursement claim to have resulted in a "benefit" to Worker entitling the attorney to fees under the Workers' Compensation Act. However, because the findings and conclusions did not specifically and clearly address the issue, we remanded the case to the judge with instructions to answer the following question:

Whether the decision on attorney fees was based on:

1. a legal ruling that preserving the tort recovery from the reimbursement claim was not a "benefit" that permitted the award of attorney fees under NMSA 1978, Section 52–1–54 (Cum.Supp.1996); and/or

2. a factual ruling that the attorney's efforts in preserving the tort recovery from the reimbursement claim were already sufficiently compensated by the agreed-upon fee in the tort case; and/or

3. some other factor or factors and, if so, that factor or those factors should be specified in the order.

The judge did not specifically answer our question, and instead she entered further findings and conclusions. Among the additional findings and conclusions were that: (1) the insurance recovery was never at risk, so that the attorney did not preserve anything; (2) the tort recovery is not a "workers' compensation benefit subject to reimbursement rights under" Section 52–5–17; (3) any additional award of fees would result in Worker

paying twice for the same money; and (4) the attorney has been sufficiently compensated for "obtaining" the $50,000.

5. The items we have labeled (1) and (2) appear to be both wrong and irrelevant to the question on appeal. They are wrong because reimbursement under Section 52–5–17 was very much in issue below and in the prior appeal, and they are irrelevant because those questions have been settled and the question now before us is whether the attorney may receive fees for his work in preserving the tort recovery from the reimbursement claim. The item we have labeled (3) assumes that the fee agreement in the tort case was intended to cover the reimbursement claim, but there was no evidence presented below (or any suggestion on appeal) on this question. The item we have labeled (4) is also irrelevant because the question before us does not concern the "obtaining" of the $50,000, but rather the preservation of it from the reimbursement claim. The judge not having clarified that she denied further fees on the basis of a factual ruling, we review the merits of her apparent legal ruling. On that ruling, we reverse.

6. Worker contends on appeal that the fact that the $50,000 insurance recovery was the subject of its own fee agreement is irrelevant and that his attorney should nonetheless be entitled to some fee for preserving both it and the compensation benefits for Worker. We agree for the most part with Worker's contentions because: (1) the language of Section 52–1–54(H) appears to support an award of fees in this situation; (2) we find nothing in the statutory language that would preclude it; (3) past cases do not limit attorney fees to increases in monetary compensation benefits, but rather allow fees for other benefits obtained for the worker by the attorney; and (4) there was no showing below or contention on appeal that the attorney fee agreement for the $50,000 insurance recovery was intended to cover the reimbursement claim.

7. Section 52–1–54(C) and (E) require the workers' compensation judge to set a reasonable attorney fee in the various situations in which litigated cases or settlements are presented to them. Section 52–1–54(H) states that, in determining the fee, "the workers' compensation judge shall consider only those benefits to the worker that the attorney is responsible for securing." Although this language appears to be a limitation (instructing judges not to award fees for work attorneys do that does not result in any benefit), the clear import of it is that attorneys should be compensated for their work that does result in securing a benefit.

8. Apart from (1) the foregoing limitation, (2) a limitation contained in the second sentence of Section 52–1–54(H) stating that the value of future medicals shall not be considered, and (3) a limitation contained in Section 52–1–54(I) on the total amount of attorney fees allowed, we find nothing in any of the provisions of the workers' compensation act that would expressly preclude an award of attorney fees when an attorney protects a worker's recovery of both compensation benefits and insurance proceeds from a tort claim. Nor does Employer point us to any such language.

9. In an unbroken line of cases under predecessor attorney fees statutes, our courts have held that the recovery of compensation is a prerequisite to the award of attorney fees. *See Sanchez v. Siemens Transmission Sys.*, 112 N.M. 533, 534, 817 P.2d 726, 727 (1991); *Perez v. Fred Harvey, Inc.*, 54 N.M. 339, 346, 224 P.2d 524, 528 (1950). Nonetheless, throughout this same time, scattered on the landscape of this state's workers' compensation law are cases to the effect that attorney fees may be awarded when the attorney secures some benefit to the worker, even if that benefit does not appear to be a monetary increase in the amount of workers' compensation benefits.

10. Thus, for example, in *Mann v. Board of County Commissioners*, 58 N.M. 626, 632–33, 274 P.2d 145, 150 (1954), a modest fee was awarded for services on appeal that resulted in an increase in the duration of the benefits although it appeared that the aggregate sum was the same as that awarded below. In so ruling, the Supreme Court said, "[the statute] does not confine us ... to instances where [the attorney's] services produce increased compensation. Other rights,

sometimes of equal importance, may be determined in [worker's] favor ... [for which] we may allow an additional attorney's fee." *Id.* at 633, 274 P.2d at 150, 58 N.M. at 631, 274 P.2d at 150.

11. *Mann* was expressly followed in *Romo v. Raton Coca Cola Co.*, 96 N.M. 765, 768–70, 635 P.2d 320, 323–25 (Ct.App.1981), in which the attorney's services related to overturning a stay of execution pending appeal; *Graham v. Presbyterian Hospital Center*, 104 N.M. 490, 493, 723 P.2d 259, 262 (Ct.App.1986), in which the attorney's services related to overturning an order erroneously denying future medical expenses to which the worker might or might not be entitled; and *Sandoval v. United Nuclear Corp.*, 105 N.M. 105, 110, 729 P.2d 503, 508 (Ct.App.1986), in which the attorney's services related to overturning an order terminating benefits for procedural reasons, although it was unclear whether the worker was substantively still entitled to benefits. *Mann* was not expressly followed, but the Court in *Livingston v. Loffland Bros. Co.*, 86 N.M. 375, 379–80, 381, 524 P.2d 991, 995–96, 997 (Ct.App.1974), must have considered a similar rationale when it awarded attorney fees for obtaining a lump sum, rather than periodic benefits.

12. Our Supreme Court's most recent pronouncement in this area is consistent with the above cases. *Baca v. Highlands University*, 113 N.M. 170, 171–72, 824 P.2d 310, 311–12 (1992), involved an attorney's services in preserving past benefits voluntarily paid by the employer. The Court stated that, "[a]ttorneys are entitled to adequate compensation for work necessarily performed in workers' compensation cases[,]" *id.* at 171, 824 P.2d at 311, and held that although the statute did not specifically address the matter, fundamental fairness required an award of fees where the employer had put the worker's past benefits in jeopardy, thereby requiring effort on the part of the attorney to preserve them, *id.* at 172, 824 P.2d at 312. *See also Gomez v. Bernalillo County Clerk's Office*, 118 N.M. 449, 455–56, 882 P.2d 40, 46–47 (Ct.App.1994).

13. Employer contends that *Baca* and *Gomez* are distinguishable because it was the actual compensation benefits that were at risk in those cases, whereas it is the tort recovery that is at risk here. We think that Employer is relying on a distinction without a difference. Whether one views what Employer wanted as the past benefits or the current tort recovery, the practical result remains the same—Worker would be out the money if Employer prevailed and the attorney's services preserved this benefit for Worker.

14. Nor are we impressed with the judge's finding below, and Employer's argument based on it, that Worker's attorney already recovered his fee for the tort matter as part of the $50,000. It is true that the attorney received one-third of the $50,000 tort recovery as well as 20% of the $7500 in compensation benefits as fees. However, his entitlement to the one-third was established once Worker received the $50,000, and his entitlement to 20% of the $7500 did not consider any effort the attorney expended in obtaining the additional benefit to worker of keeping the $7500, the past benefits, and the $50,000 less the attorney fee. We therefore agree with Worker that the fact that the tort recovery was the subject of its own fee agreement is irrelevant to this case as a legal matter, although nothing in this opinion would preclude the judge on remand from considering the fees recovered and the amount of effort expended in obtaining the tort recovery in setting a reasonable fee for obtaining the benefit of preserving the tort recovery.

15. Finally, we do not accept Employer's invitation to decide this case based on the narrow abuse-of-discretion standard of review. As Employer itself recognizes, the appellate court defers to the decision below only when the record reflects individualized consideration of the fee request without an arbitrary refusal to consider a proper factor. *See Cordova v. Taos Ski Valley, Inc.*, 121 N.M. 258, 264, 910 P.2d 334, 340 (Ct.App. 1995). To the extent that the judge below refused to consider any benefit provided by the attorney in preserving both the compensation benefits and the tort recovery, there was such a refusal to consider a proper factor.

16. Accordingly, we reverse and remand to the workers' compensation judge for the purpose of awarding the attorney an appropriate fee for his efforts in preserving to Worker all the benefits of both compensation and tort recovery to which Worker was entitled. In making this award, the judge shall not exceed the $12,500 limit of Section 52–1–54(I). Inasmuch as we have held that the attorney fees are for Worker's benefit, Worker's settlement (in which he waived any claim for bad faith) precludes him from now claiming bad faith. *See Haaland v. Baltzley,* 110 N.M. 585, 588, 798 P.2d 186, 189 (1990) (holding that parties are bound by their stipulations). Worker's request for costs on appeal is denied, but the judge on remand may make an award of fees for the appeal in her discretion. *See Manzanares v. Lerner's, Inc.,* 102 N.M. 391, 394, 696 P.2d 479, 482 (1985) (holding that attorneys must bear the costs of proceedings for their benefit, but that they may receive fees for proceedings that increase the amount of fees); *but see Archuleta v. Safeway Stores, Inc.,* 104 N.M. 769, 775, 727 P.2d 77, 83 (Ct.App.1986) (refusing to follow *Manzanares* because it cited no authority and contained no discussion). We believe that our discussion of *Mann* and the cases following it supports an award of attorney fees in the *Manzanares* and *Archuleta* situation.

17. IT IS SO ORDERED.

FLORES, J., concurs.

HARTZ, C.J., dissents.

HARTZ, Chief Judge (Dissenting)

(18) The majority opinion holds that an attorney may be entitled to a fee award pursuant to NMSA 1978, Section 52–1–54 (Cum.Supp.1996) for successfully defending a reimbursement claim under NMSA 1978, Section 52–5–17 (Repl.Pamp.1991) (effective Jan. 1, 1991). I disagree. Moreover, it was not necessary to reach that issue on this appeal. Even if the workers' compensation judge (WCJ) had authority to award an attorney's fee for successfully defending a reimbursement claim, the WCJ's decision provides an adequate alternative ground for denying the fee in this case.

(19) Worker retained her attorney to recover tort damages for injuries suffered as a result of the negligence of a co-worker who was driving the automobile in which Worker was injured. The attorney achieved a very favorable result. The automobile liability insurance company paid $50,000, even though it would appear that the tort claim against the co-worker was barred by the Workers' Compensation Act. *See* NMSA 1978, § 52–1–8 (Repl.Pamp.1991). Pursuant to a contingent fee agreement with Worker, his attorney was entitled to one-third of the recovery as an attorney's fee.

(20) As I understand the law governing attorney-client fee agreements, Worker's attorney would not be entitled to any additional fee for defending the tort recovery against a reimbursement claim by the employer/insurer unless the contingent fee agreement expressly so provided. "The stipulated percentage of the attorney's fee is generally based on the amount actually recovered by the client...." 1 Robert L. Rossi, *Attorney's Fees § 2:11,* at 121 (2d ed. 1995). In particular, the fee is not based on the amount of the judgment, which might far exceed what is collectible. *See id.*

(21) To be sure, the amount "recovered" need not be money actually received by the client. It is enough if the money pays a debt that the client would have owed in the absence of a judgment. For example, if a creditor has placed a lien on the judgment or garnished the judgment, the amount obtained by the creditor is considered part of the recovery, because the plaintiff-client has received a benefit in the form of reduction of a debt to the creditor. *See Hapaniewski v. Rustin,* 179 Ill.App.3d 951, 128 Ill.Dec. 810, 535 N.E.2d 24 (1989). Payment to the creditor increases the plaintiff's net worth above what it was before the tort judgment.

(22) On the other hand, a reimbursement claim by the employer/insurer should not be treated as a typical creditor's lien. The amount paid to the employer/insurer does not reduce any obligation owed it by the worker. The worker is not indebted to the employer/insurer for the compensation benefits received, any more than one is indebted to a medical insurer that pays doctor's bills.

If the worker had no tort claim against a third party for an injury covered by worker's compensation, the employer/insurer would be owed nothing. The purpose of reimbursement is to make the tortfeasor, rather than the employer/insurer, bear the burden of the expense of workers' compensation benefits. Payment of reimbursement to the employer/insurer does not increase the worker's wealth in any respect.

(23) Thus, the "recovery" to the worker from the tort action is the proceeds from the defendant *less* any payment to the employer/insurer under a reimbursement claim. The attorney's fee owed by the worker is therefore reduced when the employer/insurer obtains reimbursement. (The worker's attorney probably does not suffer, however, because the reduction in the fee owed by the worker is generally replaced by the employer/insurer, which must pay its share of the expenses in the tort litigation. *See Transport Indem. Co. v. Garcia*, 89 N.M. 342, 552 P.2d 473 (Ct.App.1976).) In other words, the worker compensates the attorney for defending the reimbursement claim by paying the agreed contingent fee rate on the amount of the tort judgment preserved against a reimbursement claim.

(24) Turning to the present case, the record below does not suggest that the contingent fee contract between Worker and his attorney contained any special provision relating to the possibility of having to defend a reimbursement claim. Consequently, the WCJ could reasonably have decided that Worker's attorney had received fair compensation for all efforts relating to the reimbursement claim and hence she should not award the attorney any additional fee—which ordinarily would be paid half by Worker and half by the employer/insurer, *see* Section 52–1–54(J)—for that effort. This is apparently what the WCJ did decide. Although the WCJ's findings and conclusions could have been more precise, her supplemental findings (after remand from this Court) include the following:

21. Pursuant to NMSA 1978, § 52–1–54, Worker is obligated to pay for one-half of the attorney fee for services performed by Worker's attorney. Worker's attorney admitted on the record that he had a separate fee agreement for 33⅓ of the $50,000.00. For the Administration to order Worker to pay attorney fees, (on top of), the fee agreement, will result in Worker paying twice for the same money.

22. Worker's attorney has . been sufficiently compensated for his involvement in obtaining the $50,000.00.

She also entered the following supplemental conclusion:

5. With regard to the $50,000.00, Worker's attorney has already been sufficiently compensated by the fee agreement in the tort case.

Findings Nos. 21 and 22 and Conclusion No. 5 support affirmance of the WCJ's attorney's fee award, even if the majority opinion is correct in its interpretation of Section 52–1–54.

(25) In any event, I do not agree with the majority opinion's interpretation of Section 52–1–54. In my view that section does not authorize a WCJ to award attorney's fees for successfully defending a reimbursement claim by an employer/insurer.

(26) The starting point for my analysis is that a reimbursement claim does not affect what the worker receives in benefits to which the worker is entitled under the Workers' Compensation Act: periodic disability benefits, medical benefits, right to a lump-sum payment, rights with respect to choice of medical care provider, etc. If the employer/insurer prevails, the worker receives less money, but that is less money from the tort recovery. The worker would not have to give back any money received in workers' compensation benefits. As a result, the attorney's effort in defending a reimbursement claim confers on the worker no benefit provided by the Workers' Compensation Act.

(27) Because a reimbursement claim does not affect compensation benefits, it is not a "compensation claim." But Section 52–1–54 provides for attorney's fees only with respect to such claims. Subsections B, C, E, and G set forth the circumstances in which a WCJ can award an attorney's fee. (Although Sub-

section F contains provisions governing fees authorized by Subsection E, it is not an independent source of authority for awarding fees.) The predicate for each subsection is a claim for compensation benefits under the Act. Subsections B and C permit an award "where the jurisdiction of the workers' compensation administration is invoked to approve a settlement of a compensation claim under the Workers' Compensation Act." Subsection E permits an award "where compensation to which any person is entitled under the provisions of the Worker's Compensation Act is refused and the claimant thereafter collects compensation through proceedings before the workers' compensation administration or courts." Subsection G permits an award for "actions arising under the provisions of [NMSA 1978,] Section 52–1–56 [Repl.Pamp. 1991]," which relates to changes in the extent of the worker's disability. None of these provisions authorizes attorney's fees with respect to a dispute regarding reimbursement.

(28) The provisions of Section 52–1–54 relating to the computation of attorney's fees must be read in light of the limited circumstances in which fees can be awarded. For example, the first sentence of Section 52–1–54(H) states:

> In determining reasonable attorneys' fees for a claimant, the workers' compensation judge shall consider only those benefits to the worker that the attorney is responsible for securing.

If the attorney secures no "benefit" for the worker, the attorney is not entitled to any attorney's fee. Given that an attorney's fee award is authorized by Section 52–1–54 only when compensation benefits are at issue, the word "benefits" in Subsection H must encompass only such benefits.

(29) My reading of Section 52–1–54 is buttressed by an additional compelling consideration. That section not only authorizes attorney's fees, it imposes limits on them. Section 52–1–54(A) states:

> It is unlawful for any person to receive or agree to receive any fees or payment directly or indirectly in connection with any claim for compensation under the Workers' Compensation Act except as provided in this section.

The first two sentences of Section 52–1–54(I) provide:

> Attorneys' fees, including, but not limited to, the costs of paralegal services, legal clerk services and any other related legal services costs on behalf of a claimant or an employer for a single accidental injury claim, including representation before the workers' compensation administration and the courts on appeal, shall not exceed twelve thousand five hundred dollars ($12,500). This limitation applies whether the claimant or employer has one or more attorneys representing him and applies as a cumulative limitation on compensation for all legal services rendered in all proceedings and other matters directly related to a single accidental injury to a claimant.

The conclusion is inescapable that if Section 52–1–54 authorizes an attorney's fee award for any particular type of work, then the attorney's fee for such work is subject to the statutory limit. Any contract between the attorney and the worker with respect to fees is restricted by Section 52–1–54. Hence, if an attorney's fee can be awarded for successfully defending a reimbursement claim (as the majority opinion holds), then any fee for such work is subject to the $12,500 limit; for example, the worker cannot pay the attorney for efforts in defending a reimbursement claim if an attorney (not necessarily the one representing the worker in the tort case) has already received the statutory maximum of $12,500 for representation in the compensation case—regardless of the contract between the worker and the attorney with respect to the tort claim.

(30) Moreover, the impact of Section 52–1–54 on the tort-claim attorney's fee may extend beyond the work with respect to a reimbursement dispute. The approach of the majority opinion suggests consequences that are much more far reaching. The majority opinion states that the distinction between workers' compensation benefits and tort recovery is "a distinction without a difference." If, however, there is no real difference between compensation benefits and recovery in tort for the same injury, then

presumably the $12,500 cap under Section 52–1–54(I) would apply to attorney's fees in any tort action predicated on an accidental injury that also gives rise to workers' compensation benefits. After all, according to the majority's logic, it makes no difference to the worker where the money comes from. At the least, if the entire tort judgment is at risk because of a reimbursement claim, the worker could fairly argue that any fee owed the attorney for collecting on the tort claim is actually owed for defending the reimbursement claim, making the fee subject to the $12,500 cap.

(31) Certainly this result could not have been intended by the legislature. Nor do I believe that any New Mexico court would impose the $12,500 limit on a fee for a tort case. But the above observations point out the need to recognize that Section 52–1–54 governs only fees for claims for compensation benefits, leaving fees for tort claims to the contract between the attorney and client.

(32) Even if the impact of Section 52–1–54 on tort-litigation fees is confined by applying it only to reimbursement disputes, striking anomalies in the law arise. I have already mentioned one result: the $12,500 limit would restrict what the attorney could be paid for defending a reimbursement claim, regardless of the attorney-client fee contract for the tort claim. A more serious problem is that permitting an award of attorney's fees under Section 52–1–54 for representation in a reimbursement dispute creates a glaring distinction between proceedings in district court and proceedings before the workers' compensation administration with respect to reimbursement claims—a distinction that could greatly encourage forum shopping. Although I do not question that the workers' compensation administration has jurisdiction to decide reimbursement claims, that jurisdiction is shared with the district court in which the tort claim was resolved. *See Fernandez v. Ford Motor Co.*, 118 N.M. 100, 106–07, 879 P.2d 101, 107–08 (Ct.App.1994). Yet, an attorney's fee award under Section 52–1–54 is permissible only when the jurisdiction of the workers' compensation administration is invoked to resolve a dispute or approve a settlement. *See* § 52–1–54(B), (C), (E), (G). A district court has no authority to award an attorney's fee under Section 52–1–54. Thus, when a worker's attorney wishes to obtain extra-contractual attorney's fees—from both the worker and the employer/insurer—for defending against a reimbursement claim, the attorney will seek to litigate the matter before the workers' compensation administration. (I will assume that it is ethical for the worker's attorney to select the forum that will increase what the client will owe as a fee.) The employer/insurer, on the other hand, will seek to have the matter placed first before the district court. A race to the desired forum will ensue.

(33) My above comments are not meant to suggest that it is improper for an attorney to earn an additional fee for successfully defending a reimbursement claim. On the contrary, such an additional fee may be appropriate. If there is no additional fee, the worker's attorney has no financial incentive to defend the reimbursement claim. Any work on behalf of the client in that regard is unpaid. The attorney will receive the same fee win or lose; the only question is what portion of the fee will be paid by the worker and what portion by an employer/insurer that obtains reimbursement. *See Transport Indem. Co.* The worker may be better off by paying extra for defense of a reimbursement claim. Nevertheless, the statutory language should not be distorted to reach an attractive result. The matter can be handled in the contingent fee contract itself. The statutory interpretation adopted by the majority opinion will create more problems than it solves. I am not sure who will benefit from the forum shopping that the opinion encourages, but the sure losers will be the workers of the state who will ultimately pay the additional transportation costs.

(34) For the above reasons, I respectfully dissent.