421 P.2d 127

**Joe A. MIRABAL, Plaintiff-Appellee,**

**v.**

**ROBERT E. McKEE, GENERAL CONTRACTOR, INC. and Mountain States Mutual Casualty Co., Defendants-Appellants.**

**No. 8076.**

Supreme Court of New Mexico.

Dec. 12, 1966.

Keleher & McLeod, Michael L. Keleher, Albuquerque, for appellants.

Harry E. Stowers, Jr., Gerald W. Roth, Albuquerque, for appellee.

## OPINION

HENSLEY, Chief Judge, Court of Appeals.

This is an appeal by an employer and a workmen's compensation insurance carrier from an award of benefits granted to an employee.

The background of the case discloses that the plaintiff, Joe A. Mirabal, in 1960, while employed by the defendant, Robert E. Mc-

Kee, General Contractor, Inc., was injured. Suit was filed to recover benefits provided by the New Mexico Workmen's Compensation Act. As a result of the injuries sustained Mirabal was awarded $217.33 for his medical bills and was also allowed attorney fees plus costs. The trial court found that the plaintiff was not disabled. Thereafter, the plaintiff appealed and the result of that appeal is reported in Mirabal v. Robert E. McKee, General Contractor, Inc., 74 N.M. 455, 394 P.2d 851. On July 10, 1963, while the appeal was pending a letter was written to the defendant employer advising the defendant that surgery was necessary and demanding payment of the expenses. This letter was received by the defendant employer on July 12, 1963. Mirabal underwent surgery on July 17, 1963. The defendants refused to pay for the operation and this suit was then filed in the district court on March 26, 1965. Following the trial a judgment was granted in favor of the plaintiff for $1,500 as reimbursement for the additional medical and surgical expenses and $250 attorney fees. From that judgment the former employer and the workmen's compensation carrier prosecute this appeal.

The first question for decision is whether or not there was a causal connection between the accident in 1960 and the surgery performed in 1963. The New Mexico statute germane to this point is § 59–10–19.1 (A), N.M.S.A. 1953, which is as follows:

"After injury, and continuing as long as medical or surgical attention is reasonably necessary, not to exceed a period of five [5] years from the date of the workman's accidental injury, the employer shall furnish all reasonable surgical, medical, osteopathic, chiropractic and hospital services and medicine, not to exceed the sum of fifteen hundred dollars ($1,500), unless the workman refuses to allow them to be so furnished. If hospital, medical and surgical attention is necessary, in excess of the above sum, and the employer refuses to furnish the same, the workman may make application to the district court for an order requiring the employer to furnish such additional hospital, medical and surgical services as may be found by the court to be reasonably necessary to fully and completely care for the workman. The application shall be informal in character and filed as claims under the Workman's Compensation Act [59–10–1 to 59–10–37] are filed."

The statute does not require such causal connection as the appellants contend. It requires that the medical and surgical attention be reasonably necessary not exceeding a five year period. There is no controversy as to the five year requirement. The trial court found as a fact that the additional medical and surgical expenses were necessary and reasonable. On appeal from a judgment granting compensation to

the claimant the evidence must be viewed in the light most favorable to the workman. Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000. The testimony of the claimant's doctor that the treatment he rendered was necessary for relief of the condition that was caused by the accident is undisputed. After reviewing the evidence we conclude that the findings of fact here attacked are supported by substantial evidence.

■ It has been pointed out that the claimant in his first case, Mirabal v. Robert E. McKee, supra, received an award for medical bills in the sum of $217.33. In the present case judgment was entered in favor of the claimant in the sum of $1,500 for medical and surgical expenses. Thus, the awards total $1,717.33. § 59–10–19.1 (A), supra, limits recovery for this item to $1,500. Consequently, the judgment must be modified by a reduction of $217.33.

■■ The appellants next contend that the claimant failed to comply with the provisions in § 59–10–19.1(A), supra, in that no application was made to the district court prior to receiving the additional medical and surgical services. Further, that the appellants were not given sufficient time for an inquiry to determine whether or not the operation was reasonably neces-

sary. In Noffsker v. K. Barnett and Sons, 72 N.M. 471, 384 P.2d 1022, we noted that under our statute the injured worker must apply for an increase in medical and surgical expenses over the $1,500 limit. The application for such an increase must substantially comply with the statute. We have determined that recovery here is limited to $1,500. The appellants failed to point to any action taken by them by way of inquiry into the necessity of the surgery. Not having started an inquiry we are not impressed with the argument that they were precluded from making an adequate investigation.

The cause will be remanded to the trial court with instructions to modify the judgment by reducing the award for medical and surgical expenses from $1,500 to $1,282.67.

Counsel for the appellee will be allowed an additional attorney fee of $500 for his services in this appeal.

In all other respects the judgment of the trial court will be affirmed.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.