647 P.2d 885

**Marion CLANCY, Plaintiff-Appellant,**

v.

**Dr. Richard A. GOODING, Dr. Linda Shuck, Anna Kaseman Hospital, and Presbyterian Hospital, Defendants-Appellees,**

**and**

**New Mexico Physicians Mutual Liability Company, Amicus Curiae.**

**No. 5398.**

Court of Appeals of New Mexico.

June 8, 1982.

Steven Schonberg, Albuquerque, for plaintiff-appellant.

Ranne B. Miller: Miller, Stratvert, Torgerson & Brandt, P. A., Albuquerque, for Gooding.

J. Duke Thornton, William C. Madison, Shaffer, Butt, Thornton & Baehr, P. C., Albuquerque, for Shuck.

W. Robert Lasater, Jr.: Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for Anna Kaseman Hosp. and Presbyterian Hosp.

## OPINION

LOPEZ, Judge.

The plaintiff appeals an order of the trial court denying her motion to amend her complaint to join New Mexico Physicians Mutual Liability Company (Physicians Mutual) as party defendant and to allege a civil conspiracy cause of action. We affirm.

We discuss whether this court has 1. jurisdiction to review the trial court's denial of the motion to amend, and 2. whether the trial court abused its discretion by denying the motion. FACTS.

In October, 1978, Dr. Gooding performed a double reduction mammoplasty on Marion Clancy. In January, 1980, she sued Dr. Gooding, Dr. Shuck, who assisted with the surgery, Presbyterian Hospital and Anna Kaseman Hospital for damages resulting from medical malpractice, battery, breach of warranty, misrepresentation, breach of contract and negligence.

On October 8, 1980, the plaintiff sought leave to file a second amended complaint, in which she brought additional claims against Dr. Gooding and Dr. Shuck, based upon eyelid surgery which was performed in October 1978. The defendants objected to this motion on the grounds that the court was without jurisdiction to consider the new claim because the plaintiff had not complied with the mandatory review requirements of the New Mexico Medical Malpractice Act § 41–5–1 et seq., N.M.S.A.1978. Dr. Gooding filed an affidavit to establish that he was a qualified health care provider under the act. In the affidavit he stated that he was insured with Physicians Mutual in the amounts specified under § 41–5–5 of the Medical Malpractice Act. At the hearing on the motion to amend the complaint held October 30, 1980, plaintiff's attorney withdrew his motion based on the memorandum filed by Dr. Gooding and his affidavit and the plaintiff agreed to present the matter to the Medical Legal Malpractice Panel. The plaintiff conceded in oral argument that she has appeared twice before the panel and was unsuccessful. During discovery,

the plaintiff deposed Dr. Herhahn, a former associate of Dr. Gooding, who had examined the plaintiff after the surgery. Dr. Herhahn was not represented by an attorney at the deposition, and he was reluctant to answer certain questions. The plaintiff alleges that Dr. Herhahn's reticence was the result of a policy of Physicians Mutual which discourages a member physician from testifying against another member physician. On April 20, 1981, the plaintiff filed a motion for leave to file a third amended complaint which is the subject of this appeal. The plaintiff attempted to add Physicians Mutual as a defendant and to allege that Physicians Mutual conspired to prevent the plaintiff from obtaining medical opinion testimony with regard to her claim.

At the hearing on the plaintiff's motion the judge denied her motion, stating that:

this just isn't the kind of cause of action that should be joined together with a malpractice action. I just don't see how I could intelligently explain the difference between the two actions to the jury and how the jury could make a fair determination of both actions at the same time. This, of course, won't preclude you from filing an independent action if, in fact, you feel you have a basis to do that.

. . . . .

As far as Dr. Herhahn is concerned, as an independent witness, it's always been my understanding that if an independent witness without an attorney fails to answer a question, that the way to handle that is with a motion and Order to Show Cause.

The trial judge entered an order denying the plaintiff's motion for leave to file a third amended complaint. In this appeal, the plaintiff asks this court to review the lower court's order.

The defendants argue that we have no jurisdiction to review the order, because it is not appealable under N.M.R.Civ.App. 3(a), N.M.S.A.1978, which states:

In civil actions, any party aggrieved may appeal to the appropriate appellate court within thirty days after entry of:

(1) any final judgment or decision;

(2) any interlocutory order or decision which practically disposes of the merits; (findings of facts, conclusions of law and written opinions are not deemed interlocutory orders or decisions which practically dispose of the merits.)

(3) any final order after entry of judgment which affects substantial rights; or

(4) judgment in any proceeding for civil contempt.

Ordinarily, an order denying a motion to amend a complaint is not final for purposes of appeal. *Wells v. South Main Bank*, 532 F.2d 1005 (5th Cir. 1976); *Fowler v. Merry*, 468 F.2d 242 (10th Cir. 1972). The plaintiff claims that the effect of the denial of joinder is that she will be precluded from bringing her action against Physicians Mutual in a separate lawsuit, because she would have to relitigate the malpractice claim in the second suit and possibly because of the statute of limitations.

New Mexico courts have repeatedly held that a judgment or order is not final unless all issues of law and of fact necessary to be determined have been determined, and the case has been completely disposed of to the extent the court has power to dispose of it. *Hall v. Lea County Electric Cooperative, Inc.*, 76 N.M. 229, 414 P.2d 211 (1966); *Marr v. Nagel*, 58 N.M. 479, 272 P.2d 681 (1954); *Floyd v. Towndrow*, 48 N.M. 444, 152 P.2d 391 (1944); *Johnson v. C & H Construction Company*, 78 N.M. 423, 432 P.2d 267 (Ct.App.1967).

To determine whether an order is final, we will give the term "finality" a practical, rather than a technical construction. In *Central-Southwest D. Coop. v. American Bank of Com.*, 78 N.M. 464, 432 P.2d 820 (1967), the New Mexico Supreme Court expressed agreement with the following language from *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964):

And our cases long have recognized that whether a ruling is "final" ... is frequently so close a question that decision of that issue either way can be supported with equally forceful arguments,

and that it is impossible to devise a formula to resolve all marginal cases coming within what might well be called the "twilight zone" of finality. Because of this difficulty this Court has held that the requirement of finality is to be given a "practical rather than a technical construction."

■ The plaintiff has not demonstrated that her cause of action against Physicians Mutual will be effectively lost or irreparably damaged as a result of the trial judge's order denying her motion to amend. We conclude that the order in this case is not final, and is not reviewable at this stage of the proceedings in this case.

■ If the order were appealable at this time, the denial of the plaintiff's motion was not an abuse of discretion by the trial judge. N.M.R.Civ.P. 15(a), N.M.S.A.1978 (Repl.Pamph.1980) states:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

After a responsive pleading has been filed, as in this case a motion to amend is "addressed to the sound discretion of the court and its action in denying permission to amend is subject to review only for a clear abuse of discretion." *Vernon Company v. Reed*, 78 N.M. 554, 434 P.2d 376 (1967). In *Independent etc. Co. v. N.M.C.R. Co.*, 25 N.M. 160, 178 P. 842 (1918), the New Mexico Supreme Court stated that "[a]n abuse of discretion is said to occur when the court exceeds the bounds of reason, all the circumstances before it being considered." *Acme Cigarette Services, Inc. v. Gallegos*, 91 N.M. 577, 577 P.2d 885 (Ct.App.1978).

■ The trial judge ruled that joinder of the conspiracy action against Physicians Mutual with the plaintiff's malpractice action would be confusing to the jury. That decision did not exceed the bounds of reason, and was not a clear abuse of discretion.

The judgment of the trial court is affirmed. Appellate costs are to be paid by the appellant.

WOOD and DONNELLY, JJ., concur.