723 P.2d 259

Josephine **GRAHAM,**
Plaintiff-Appellant,

v.

**PRESBYTERIAN HOSPITAL CENTER,**
Defendant-Appellee.

No. 8810.

Court of Appeals of New Mexico.

July 8, 1986.

Benito Sanchez, Benito Sanchez, P.A., Albuquerque, for plaintiff-appellant.

Jason W. Kent, Poole, Tinnin & Martin, P.C., Albuquerque, for defendant-appellee.

## OPINION

HENDLEY, Chief Judge.

Defendant's motion for rehearing is granted. Our memorandum opinion, previously issued on June 17, 1986, is withdrawn and the following opinion is substituted therefor.

Plaintiff appeals a worker's compensation decision, alleging that the trial court erred in dismissing her claim with prejudice without awarding future medical benefits, payment for certain medical tests and treatment, and attorney fees. Issues not briefed are deemed abandoned. *State v. Doe,* 101 N.M. 363, 683 P.2d 45 (Ct.App. 1983). We affirm in part and reverse in part. We remand to the trial court with directions to dismiss all of plaintiff's claim with prejudice except for that portion which alleged a right to future medical benefits. That portion of the claim should be dismissed without prejudice.

■ Plaintiff first contends that defendant should not have been relieved of its obligation for future medical treatments necessary to treat her injury. We agree. Once a compensable injury is found, the Workmen's Compensation Act grants, as a substantive right, necessary and reasonable future medical treatment to the injured worker. NMSA 1978, § 52–1–49(A); *Chavira v. Gaylord Broadcasting Co.,* 95 N.M. 267, 620 P.2d 1292 (Ct.App.1980), *rev'd on other grounds, Chapman v. Jesco, Inc.,* 98 N.M. 707, 652 P.2d 257 (Ct.App. 1982). The trial court is without authority to limit or restrict in advance future medical benefits once a compensable injury is established. *Gearhart v. Eidson Metal Products,* 92 N.M. 763, 595 P.2d 401 (Ct. App.1979). *See Ideal Basic Industries, Inc. v. Evans,* 91 N.M. 460, 575 P.2d 1345 (1978).

Defendant concedes that the trial court's dismissal of plaintiff's complaint "with prejudice" is susceptible to the interpretation that any right to future medical benefits is terminated. Defendant argues, however, that *Gearhart* should not control where the trial court finds the injured worker's credibility questionable. We disagree. The right to future medical benefits is not susceptible to such a predetermination. *Gearhart.*

Defendant contends that this issue is controlled by *Hernandez v. Mead Foods, Inc.,* 104 N.M. 67, 716 P.2d 645 (Ct.App. 1986). In that case, we affirmed the dismissal of plaintiff's claim, including a claim for future medical benefits, with prejudice. We said, "Because there was substantial evidence that plaintiff had recovered from his work-related injuries, *Gearhart* is distinguishable. Plaintiff is not entitled to a judgment for future medical benefits which have no relation to the work-related injury."

The last sentence of this quotation is undoubtedly correct. *State ex rel. J.P. (Burn) Gibbins, Inc. v. District Court of the Fifth Judicial District*, 65 N.M. 1, 330 P.2d 964 (1958). *See also Mirabal v. Robert E. McKee, General Contractor, Inc.*, 77 N.M. 213, 421 P.2d 127 (1966). To the extent that the first sentence of this quotation implies that a court can decide now that a claimant will never suffer a relapse of a compensable injury and never be entitled to future medical benefits, it is incorrect and not to be followed.

Plaintiff also appeals the trial court's failure to award payment for medical treatments she received after June 29, 1984, and through December 24, 1984. These medical bills were presented at trial and admitted as plaintiff's exhibits 1, 2, 3, 6, 7, 8, and 9. Defendant argues that, since plaintiff's credibility was impeached on the issue of her disability, there was substantial evidence supporting the trial court's refusal to award payment of these bills. Plaintiff argues that, because the medical testimony regarding the reasonableness and necessity of the treatment in question was not contested, a finding for the plaintiff was required under the uncontroverted medical testimony rule. We do not agree with either party's contentions. The trial court is affirmed, but for different reasons.

■ The uncontradicted medical testimony rule does not apply to the issue of payment of medical expenses which are reasonable and necessary to treat a worker's compensable injury. The rule is a limited exception to the trial court's discretion to weigh expert testimony and discard such testimony where it is deemed unreliable in light of other evidence. *Hernandez v. Mead Foods, Inc.* The exception is strictly limited to causation issues. *Mirabal v. Robert E. McKee, General Contractor, Inc.; Hernandez; Chavira v. Gaylord Broadcasting Co., rev'd Chapman v. Jesco, Inc.* (to the extent that *Chavira* required medical testimony on any issue but causation).

The uncontroverted medical testimony rule does not apply in this case. The medical testimony elicited in this case on the reasonableness and necessity of plaintiff's medical treatments was fully rebuttable. The applicable standard is substantial evidence and not the uncontroverted medical testimony rule. In any event, the medical testimony as to the necessity of certain treatments was not uncontroverted. Dr. Maron testified that thermograms and x-ray motion studies were of questionable reliability.

■ A reasonable mind could conclude from the evidence and testimony that plaintiff had lied to her doctors when she complained of pain. Plaintiff's testimony on cross-examination casts doubt on her credibility, including her credibility with her doctors. We conclude that substantial evidence supports the finding that the treatments and procedures in question were not necessary and, hence, not compensable. § 52-1-49(A). Whether plaintiff's impeachment in itself would have provided substantial evidence to support the denial of payment to Dr. Racca need not be reached.

■ Thus, in cases such as this one and *Hernandez*, where there was an accidental injury arising out of and in the course of employment, where there is a claim for current and past medical benefits together with a claim for unspecified and unspecifiable future medical benefits, and where the court finds that the defendants are not liable for the past and current medical expenses, either because plaintiff has fully recovered or because plaintiff is faking pain or for whatever reason, the court may dismiss the main part of the claim with prejudice, but it cannot dismiss the claim for future medical benefits with prejudice. In this situation, a court may enter a judgment for future medical benefits, but such a judgment would be essentially meaningless. If plaintiff incurred medical expenses relating to a work-related injury in the future, he would still have to prove them in order to recover. Thus, the better course may be to dismiss the claim for future medical expenses without prejudice.

Because plaintiff currently has no future medical expenses which she is entitled to recover, trial level attorney fees would be inappropriate. *See Phelps Dodge Corp. v. Guerra,* 92 N.M. 47, 582 P.2d 819 (1978). Nonetheless, plaintiff has, by this appeal, established a right of some importance, the right not to be deprived of her statutory entitlement to future medical benefits. Under these circumstances, an award of appellate attorney fees is appropriate. *Mann v. Board of County Commissioners,* 58 N.M. 626, 274 P.2d 145 (1954). Appellate attorney fees in the amount of $1,000 are awarded to plaintiff. Defendant is responsible for plaintiff's costs as authorized by statute. NMSA 1978, §§ 52–1–34 and 52–1–35(B) (Cum.Supp.1985).

The decision below is reversed in part and affirmed in part and remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

MINZNER and FRUMAN, JJ., concur.