786 P.2d 57

**David SALAZAR, Claimant–Appellee,**

**v.**

**YELLOW FREIGHT SYSTEM, INC., Self–Insured, Respondent–Appellant.**

**No. 11149.**

Court of Appeals of New Mexico.

Jan. 4, 1990.

## OPINION

DONNELLY, Judge.

Respondent, Yellow Freight System, Inc., appeals from the order of the Workers' Compensation Division (WCD) judge awarding compensation benefits, payment of medical services, and attorney's fees to claimant resulting from a work-related accident. Two appellate issues are presented: (1) whether claimant's action for workers' compensation benefits was barred by the doctrine of res judicata; and (2) whether the WCD judge's determination of disability and the award of compensation benefits are supported by the requisite evidence. We affirm.

Claimant was employed as a diesel mechanic for respondent. On July 19, 1987, claimant fell from a ladder during the course and scope of his employment and injured his back and buttocks. He was treated by a physician and returned to work on July 22, 1987. On August 18, 1987, respondent discharged claimant after a routine physical examination conducted by the Department of Transportation revealed traces of a controlled substance in claimant's urine sample.

The following month, on September 26, 1987, claimant filed an action for workers' compensation benefits, alleging that he was disabled as a result of his injury sustained on July 19, 1987. Following an informal conference before a WCD judge on November 5, 1987, a recommended resolution of claimant's action was filed on November 30, 1987. Although notified of the hearing date for the informal conference, claimant did not appear, but claimant's former attorney appeared at the conference. Claimant later testified that he had discharged his attorney prior to that hearing.

After the informal hearing, the WCD judge issued a recommended resolution of the claim, providing in part:

[T]hat the case be resolved as follows:

a) Claimant's disability, if any, is not a natural and direct result of any work accident;

b) The claim is dismissed without prejudice and; [sic]

c) Authorization to withdraw as counsel for Claimant is granted.

The recommended resolution further stated that any party who failed to file notice of acceptance or rejection of this recommended resolution within thirty days of receipt would be bound by the recommended resolution. On December 30, 1987, respondent filed a written acceptance of the recommended resolution; claimant made no response to the recommended resolution. On May 5, 1988, the judge entered an order directing that "the Recommended Resolution of May 2, 1988 * * * [shall] be filed."

Claimant filed a second claim for workers' compensation benefits against respondent on March 14, 1988 and alleged permanent partial disability as a result of injuries sustained by claimant on July 19, 1987. Respondent filed a written answer denying any liability, and, among other things, asserted the affirmative defense of res judicata. After an informal hearing, a WCD judge filed a recommended resolution which proposed dismissal of claimant's second claim on the ground that the proceeding was barred since, in the prior action, claimant's "disability, if any," had been

determined not to have resulted from a work-related accident.

Claimant rejected the recommended resolution. A formal hearing on the merits ensued, and the workers' compensation judge adopted findings of fact and conclusions of law and entered a compensation order which determined that claimant was 35% permanently partially disabled as a result of his accident on July 19, 1987. Respondent filed a timely appeal to this court.

## I. DEFENSE OF RES JUDICATA

Respondent argues that the WCD judge erred in rejecting its affirmative defense of res judicata. Respondent contends that because the WCD entered an order in the first administrative proceeding determining that claimant had failed to establish that his injury stemmed from a work-related accident, and since claimant failed to pursue an appeal from the disposition of that action, the WCD erred in not determining that claimant was barred from relitigating his claim under the doctrine of res judicata. As part of the same issue, and related thereto, respondent urges that the claim is also barred under NMSA 1978, Section 52-5-5 (Repl.Pamp.1987).

In asserting that the order in the first proceeding is res judicata as to the claim sought to be raised in the second action, respondent argues that (1) because the workers' compensation judge in the first proceeding found that claimant's disability, if any, was not a natural and direct result of the July 19, 1987, accident; and (2) because claimant did not notify the director of his acceptance or rejection of the WCD judge's proposed informal resolution, the determination required by Section 52-5-5(C) was conclusive.

Respondent also argues that under *Armijo v. Save 'N Gain*, 108 N.M. 281, 771 P.2d 989 (Ct.App.1989), claimant's failure to timely challenge the recommended administrative resolution as set forth in Section 52-5-5(C) precludes further litigation of the workers' compensation action arising out of injuries he sustained as a result of the July 19, 1987 accident. Section 52-5-5(C) provides in pertinent part that following the issuance of the recommended resolution, each party has thirty days to notify the director as to acceptance or rejection of the recommended resolution. Failure to notify constitutes waiver, and a party who fails to notify the director is bound conclusively by his or her recommendation. *See* § 52-5-5(C).

We determine that Section 52-5-5(C) is not controlling under the facts herein, nor is the decision in the first administrative proceeding res judicata. The WCD judge's recommended resolution entered in the first proceeding expressly provided that "[t]he claim is dismissed without prejudice." *See Chavez v. Chenoweth*, 89 N.M. 423, 553 P.2d 703 (Ct.App.1976) (holding dismissal without prejudice was not res judicata and that such dismissal ordinarily imports further proceedings). In determining whether an order is final, we construe the order in question in a practical, rather than technical, manner. *Clancy v. Gooding*, 98 N.M. 252, 647 P.2d 885 (Ct.App. 1982). A judgment or order is not final unless all issues of law and of fact necessary to be determined have been decided, and the case has been completely disposed of to the extent the court or hearing officer has the power to dispose of it. *Id.* The phrase "without prejudice," when used in an order of dismissal, evinces an intent not to clothe the order with finality and indicates that the order of dismissal was not intended to have a res judicata effect as to the merits of the controversy. *See Bralley v. City of Albuquerque*, 102 N.M. 715, 699 P.2d 646 (Ct.App.1985) (a dismissal without prejudice leaves the parties as if no action had been instituted); *see also Royal Ins. Co. v. Rousselot*, 720 S.W.2d 2 (Mo.Ct.App. 1986) (dismissal "without prejudice" in worker's compensation proceeding held not to be a determination of rights or issues on the merits, nor bar to refiling of claim).

In an effort to explain the dismissal "without prejudice," respondent seems to be arguing that the workers' compensation judge was concerned about future medical expenses. *See Graham v. Presbyterian Hosp. Center*, 104 N.M. 490, 723 P.2d 259

(Ct.App.1986) (court may dismiss main part of claim with prejudice, but should dismiss claim for future medical expenses without prejudice). Thus, respondent argues that, in order to avoid internal contradiction within the recommendation, it should be interpreted to mean dismissal with prejudice as to the main claim and dismissal without prejudice as to future medical expenses. We reject this argument for the following reasons: First, the prehearing officer's recommended resolution makes no distinction between any part of the claim. It simply recommends that "[t]he claim is dismissed without prejudice." Second, in the same recommended resolution, respondent's position is stated, in part, as being "[t]hat the injury did not occur in the course and scope of employment with Yellow Freight Systems." Respondent's stated position is also that if claimant is disabled it is not the result of any work accident. To now argue that the "without prejudice" language was intended to preserve future medical expenses runs counter to the position respondent took at the time of the prehearing conference. If claimant did not sustain a work-related accident, then he would have been entitled to no benefits at all, including medical expenses.

*Armijo*, relied upon by respondent, differs from the instant case. In *Armijo* the informal resolution and dispositional order entered by the WCD did not state that it was "without prejudice." In the instant case, under the language of the order itself, claimant was not precluded from initiating and pursuing a second claim for workers' compensation benefits arising from the same facts. Consequently, claimant was not bound by the findings and conclusions contained in the order of dismissal in the first proceeding.

## II. SUFFICIENCY OF THE EVIDENCE

Respondent also challenges the validity of the judge's finding of claimant's disability in the second proceeding and contends that the determination is not supported by requisite substantial evidence. The judge found that claimant was 35% permanently partially disabled to his body as a whole.

Respondent's challenge to the evidence is based on his view that the prehearing officer made a factual determination in the first recommended resolution which conclusively binds claimant in this proceeding. The finding is that "Claimant's disability, if any, is not a natural and direct result of any work accident[.]" As noted above, however, claimant was not bound by the findings and conclusions entered in the first proceeding. Thus, our answer to respondent's first issue disposes of the second issue as well.

The determination of disability as reflected in the findings of fact and conclusions of law and the compensation order entered by the workers' compensation judge is supported by substantial evidence.

## CONCLUSION

The compensation order is affirmed. Claimant is awarded $3,000 for the services of his attorney on appeal.

IT IS SO ORDERED.

BIVINS, C.J., and MINZNER, J., concur.