This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GABRIEL BECERRA,**

 Plaintiff-Appellant,

v.               **NO. 32, 393**

**MARIO SALAZAR and**
**NARCISO GARCIA, JR.**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Gabriel Becerra
Albuquerque, NM

Pro Se Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Lisa C. Ortega
Seth L. Sparks
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** References to the Record Proper [RP] are to the record filed in this Court in *Becerra v. Allstate*, No. 32,456.

**{2}** Appellant pro se, Gabriel Becerra, appeals the district court's denial of his motion to amend or supplement the complaint. We issued a notice of proposed summary disposition proposing to dismiss for lack of a final order on January 16, 2013. Appellant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore dismiss this appeal.

**{3}** This Court's jurisdiction lies from final, appealable orders. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102 v. Kapnison*, 113 N.M. 231, 234 n.7, 824 P.2d 1033, 1036 n.7 (1992). Whether an order is final, such that appeal is statutorily authorized, is a jurisdictional question that this Court is required to raise on its own motion. *See Britt v. Phoenix Indem. Ins. Co.*, 120 N.M. 813, 815, 907 P.2d 994, 996 (1995); *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844.

**{4}** Appellant seeks to appeal from two orders of the district court. [DS 2] The first order, filed on July 18, 2012, denies Appellant's motion to amend his complaint to add Narciso Garcia as a defendant to his claims of malicious abuse of process and fraudulent conveyance. [RP 2114] On July 30, 2012, Appellant filed a motion to "alter or amend judgment." [RP 2152] Although it is titled a motion to alter or amend the judgment, the motion essentially asks the district court to reconsider its July 18 order denying his motion to amend. *See Century Bank v. Hymans*, 120 N.M. 684, 689, 905

2

P.2d 722, 727 (Ct. App. 1995) (stating that the substance of the motion, not its title, controls). On August 10, 2012, the district court filed the second order denying the motion for reconsideration. [RP 2216]

{5} In our notice of proposed summary disposition, we proposed to hold that the district court's order denying Appellant's motion to amend his complaint and its order denying reconsideration were not final appealable orders. *See Clancy v. Gooding*, 98 N.M. 252, 254, 647 P.2d 885, 887 (Ct. App. 1982) ("Ordinarily, an order denying a motion to amend a complaint is not final for purposes of appeal."). In *Clancy*, we held that an order denying a motion to amend a complaint to add an insurance company as a defendant was not a final order where there was no indication that the plaintiff's cause of action against the insurance company would be effectively lost or irreparably damaged as a result of the court's denial of her motion to amend. *See id.* at 254-55, 647 P.2d at 887-88. We proposed to hold that Appellant had not made such a showing based on our review of the record and the docketing statement.

{6} In his memorandum in opposition, Appellant states that the district court's denial of his motion to amend the complaint will result in his cause of action being lost or irreparably harmed due to statute of limitations issues and collateral estoppel. [MIO 2] However, Appellant does not elaborate beyond this general assertion. We therefore do not believe that Appellant has demonstrated how his cause of action would be irreparably lost or damaged as a result of the district court's denial to amend.

3

*See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

{7}     Appellant also argues that the district court's order denying his motion is too important to be denied review and "too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." [MIO 2] Appellant also states that his appeal "is directly related to matters of first impression, clarification, or modification to existing common law or statutes which are in dire need of being addressed by a higher court." [MIO 2-3] Again, however, Appellant only makes generalized assertions and provides no information or citation to relevant authority to support these claims. *See Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2010-NMCA-080, ¶ 38, 148 N.M. 877, 242 P.3d 444 ("[W]e do not review unclear or inadequately developed arguments or arguments for which no authority has been cited."); *see also In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists).  Finally, Appellant asserts, without citation to authority, that an order denying leave to file an amended or

4

supplemented complaint is final for purposes of appeal. [MIO 2]  This Court will not consider propositions that are unsupported by citation to authority. *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969. We therefore reject this argument.

{8}      Accordingly, we hold that Appellant has not demonstrated that the district court's order denying his motion to amend the complaint is a final order which can be appealed at this stage of the proceedings. For these reasons, we dismiss this appeal. We note that, once the district court enters a final order in this case, Appellant is free to appeal in accordance with our rules of procedure.

{9}      **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**