This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GABRIEL BECERRA,**

Petitioner-Appellant,

v.                                                                    **NO. 32,456**

**ALLSTATE,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Gabriel Becerra
Albuquerque, NM

Pro Se Appellant

Simone, Roberts & Weiss, P.A.
Stephen M. Simone
David W. Frizzell
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1} Appellant pro se, Gabriel Becerra, appeals the district court's denial of his motion to amend his counterclaim. We issued a notice of proposed summary disposition proposing to dismiss for lack of a final order on January 16, 2013. Appellant filed a timely memorandum in opposition. We have duly considered Appellant's arguments, and we remain unpersuaded. We therefore dismiss this appeal.

{2} As an initial matter, we deny Appellant's motion to amend the docketing statement. Appellant's motion to amend was filed on February 14, 2013. His memorandum in opposition was filed on February 5, 2013. His motion to amend the docketing statement is therefore untimely. *See State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989) (stating that the time for filing a motion to amend is with or before the first memorandum in opposition).

{3} This Court's jurisdiction lies from final, appealable orders. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-35, 824 P.2d 1033, 1036-37 (1992). Whether an order is final, such that appeal is statutorily authorized, is a jurisdictional question that this Court is required to raise on its own motion. *See Britt v. Phoenix Indem. Ins. Co.*, 120 N.M. 813, 815, 907 P.2d 994, 996 (1995); *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. Generally, an order or judgment is not considered final unless all issues of law and

fact have been determined and the case disposed of by the trial court to the fullest extent possible. *See Kelly Inn*, 113 N.M. at 236, 824 P.2d at 1038 (1992).

{4}      Appellant seeks to appeal the district court's denial of his motion to alter or amend the judgment filed on September 10, 2012. [Amended DS 2, RP 2379, 2861] Although the motion is entitled a motion to alter or amend the judgment, it in essence asks the district court to reconsider its August 30, 2012 ruling, in which the district court denied his motion to amend his counterclaim. [RP 2297, 2379] *See Century Bank v. Hymans*, 120 N.M. 684, 689, 905 P.2d 722, 727 (Ct. App. 1995) (stating that the substance of the motion, not its title, controls).

{5}      In our notice of proposed summary disposition, we proposed to hold that the district court's order denying Appellant's motion to amend his counterclaim and its order denying reconsideration were not final appealable orders. *See Clancy v. Gooding*, 98 N.M. 252, 254, 647 P.2d 885, 887 (Ct. App. 1982) ("Ordinarily, an order denying a motion to amend a complaint is not final for purposes of appeal."). In *Clancy*, we held that an order denying a motion to amend a complaint to add an insurance company as a defendant was not a final order where there was no indication that the plaintiff's cause of action against the insurance company would be effectively lost or irreparably damaged as a result of the court's denial of her motion to amend. *Id.* at 255, 647 P.2d at 888. Additionally, in general, an order or judgment is not considered final unless all issues of law and fact have been determined and the case

disposed of by the trial court to the fullest extent possible. *See Kelly Inn*, 113 N.M. at 236, 824 P.2d at 1038. Based on our review of the record, the district court's denial of Appellant's motion did not dispose of the case to the fullest extent possible because other claims and counterclaims involving the parties remained to be litigated. [RP 2300-2301]

{6} In his memorandum in opposition, Appellant states that the district court's denial of his motion to amend the complaint will result in his cause of action being lost or irreparably harmed due to issues of waiver and estoppel. [MIO 3] However, Appellant does not elaborate beyond this general assertion. We therefore do not believe that Appellant has demonstrated how his cause of action would be irreparably lost or damaged as a result of the district court's denial to amend the counterclaim. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

{7} Appellant also argues that the district court's order denying his motion is too important to be denied review and "too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." [MIO 3]

Appellant also states that his appeal is "directly related to matters of first impression, clarification or modification to existing common law, statutes, or Insurance Code which are in dire need of being addressed by a higher court." [MIO 3-4] Again, however, Appellant only makes generalized assertions and provides no information or citation to relevant authority to support these claims. *See Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2010-NMCA-080, ¶ 38, 148 N.M. 877, 242 P.3d 444 ("[W]e do not review unclear or inadequately developed arguments or arguments for which no authority has been cited."); *see also In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists). Finally, Appellant asserts, without citation to authority, that an order denying leave to file an amended or supplemented counterclaim is final for purposes of appeal. [MIO 3] This Court will not consider propositions that are unsupported by citation to authority. *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969. We therefore reject this argument.

{8}     For these reasons, we dismiss this appeal. We note that, once the district court enters a final order in this case, Appellant is free to appeal in accordance with our rules of procedure.

{9}     **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**JONATHAN B. SUTIN, Judge**